## Commonwealth v. Bergman

*William J. Bolla,* for petitioner.
*Daniel Paul Alva,* contra.

SATTERTHWAITE, *J.,* March 21, 1975 — Defendant, alleging his discharge by the district justice on preliminary hearing of certain criminal charges lodged against him, including accusations of retail theft, fraudulent use of credit cards and conspiracy, has filed the within petition seeking an order of this court directing the expungement of certain records incident to his arrest. The full text of the final paragraph of the petition is as follows:

"Wherefore, your Petitioner prays this Honorable Court order the Bucks County District Attorney's Office to instruct the Bensalem Township Police Department to destroy, in the presence of your petitioner or his Attorney, any and all records in their files, including fingerprints and photographs, and further that the aforesaid District Attorney's Office be directed to obtain any such records from the Pennsylvania State Police, and gather their own records and information, and together destroy all the above in the presence of your Petitioner and or his Attorney."

To the petition is affixed a form of order for the court's signature which included the following:

". . . [A] Rule is granted upon the Bucks County District Attorney Office and the Bensalem Police Department, to show cause why an order should not be entered ordering an Expungement of the Petitioner's fingerprints, photographs and criminal records."

The court has neither itself found, nor has counsel after specific request so to do furnished, any precedent or authority empowering the court to

take the action requested, except in one limited area. No pretense is made that the prosecution against defendant was brought under The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 165 (No. 64), 35 P.S. §§780-101, et seq., and hence the general expungement provisions of section 19 thereof, 35 P.S. §780-119, relating only to such cases, have no application.

The only other statutory provision on the subject which has been found as to which attention has been called is section 5 of the Act of April 27, 1927, P.L. 414, as amended, 19 P.S. §1405. The Act of 1927 generally provides for the taking and use of fingerprints and photographs, not only in connection with the incarceration of prisoners in penal institutions, but also with respect to any persons in custody and charged with the commission of crime other than summary offenses under The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §§1, et seq. Section 5 thereof relates to the particular rights and obligations of a district attorney and those employed by him respecting his or their taking and use of fingerprints in the investigation and trial of criminal cases. (No reference to photographs or records other than fingerprints is made in section 5.) Subsection (a) empowers the district attorney to employ fingerprint experts; subsection (b) empowers the district attorney or any designee of the district attorney and the warden of the jail to take fingerprints of any person confined in the county jail for identification or for trial purposes. Subsection (c) provides in relevant part:

"(c) The district attorneys of the several counties shall keep and arrange files of the fingerprints, taken under the provisions of this act, of persons convicted of crime *and shall destroy the finger-*

*prints of all persons acquitted.*" (Emphasis supplied.)

Subsection (d) withdraws from the district attorney's authority to take fingerprints those of persons arrested for misdemeanors unless they have "reason to believe that such persons are old offenders against the penal laws of this Commonwealth."

It is immediately to be noticed (1) that the district attorney's mandated destruction of records on acquittal extends only to fingerprints and not to photographs or other records, and (2) that such mandate to the district attorney is confined to those fingerprints obtained or kept under his control and supervision, with no comparable mandates extended to others likewise authorized by the act to take and use fingerprints and photographs, such as the keepers of penal institutions, the Pennsylvania State Police and all police officers within the several municipalities of the Commonwealth.

The able and comprehensive opinion of Judge Gawthrop of Chester County in Commonwealth v. Magaziner, 50 D. & C. 2d 291 (1970), involving substantially the identical situation as involved in the instant case, is persuasive and dispositive. The District Attorney of Bucks County will be required, if the facts stated in the within petition be accurate respecting defendant's discharge at preliminary hearing, to destroy any fingerprint records of defendant made by him or by those who derive their authority by or through him, or in the custody of himself or those so acting under his authority. In all other respects, and specifically insofar as destruction of records other than fingerprints, or of fingerprints taken and in the custody of the Pennsylvania State Police or any police department, may be concerned, the prayer of the within petition is hereby

denied and refused for lack of power and authority in the court so to direct.

## ORDER

And now, March 21, 1975, upon consideration of the within petition and for the reasons and limitations stated in the foregoing memorandum, a rule is hereby granted upon the District Attorney of Bucks County to show cause why fingerprints of defendant taken or kept by him or those under his appointment and authority should not be destroyed, returnable within seven days after service of this rule.

In all other respects, the prayer of the within petition is hereby denied and refused.